# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**
        Plaintiff,

Case No. 20-cv-00981

**Hon.**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Secretary of State, and
**JANICE WINFREY,** in her official and individual capacities as the Detroit City Clerk, and
**DETROIT DEPARTMENT OF ELECTIONS,**
        Defendants.

_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

**HEATHER S. MEINGAST (P55439)**
ERIK GRILL (64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

JAMES D. NOSEDA (P52563)
City of Detroit Law Department
Attorneys for Defendants Winfrey
and Detroit Department of Elections
2 Woodward Ave, 5th Floor
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

_____/

## PLAINTIFF'S EMERGENCY MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO COUNT IV OF COMPLAINT (ECF NO. 1) PURSUANT TO FED.R.CIV.P. 56.

**NOW COMES** Plaintiff, ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Emergency Motion for Summary Judgment With Respect to Count IV of Complaint (ECF No. 1) Pursuant to Fed.R.Civ.P. 56, states as follows:

Plaintiff Robert Davis ("Plaintiff Davis" or "Plaintiff") respectfully moves this Honorable Court to GRANT his Emergency Motion for Summary Judgement With Respect To Count IV Only of Plaintiff's Complaint (ECF No. 1) Pursuant to Fed.R.Civ.P. 56.

## A. <u>Necessity for Immediate Consideration</u>

**There is an immediate need for the Court to address the merits of Plaintiff's instant emergency motion ASAP, but no later than Friday, October 28, 2020.** Public Act 177 of 2020, which was signed into law on October 6, 2020, allows certain city and/or township clerks to begin the process of processing returned absentee ballots on November 2, 2020—one day before the November 3, 2020 general election. Public Act 177 is not applicable to all local clerks. Public Act 177 is only applicable to local clerks serving in a city or township with a population of 25,000 residents or more. It is Plaintiff's

position that Public Act 177 is a special act enacted in violation of

Mich.Const. 1963, art. IV, §29.

## Concurrence

The undersigned counsel certifies that counsel communicated in

writing with opposing counsel for Defendants Detroit City Clerk and

Detroit Department of Elections, explaining the nature of the relief to

be sought by way of this motion and seeking concurrence in the relief;

and opposing counsel thereafter **expressly denied** Plaintiff's counsel's

request for concurrence.


## CONCLUSION

**WHEREFORE**, for the reasons specified in the attached Brief in

Support, the Moving Plaintiff respectfully requests this Honorable

Court enters an order GRANTING his Emergency Motion for Partial

Summary Judgement With Respect To Count IV Only of Plaintiff's

Complaint (ECF No. 1) Pursuant to Fed.R.Civ.P. 56.

Dated: October 28, 2020            Respectfully submitted,

                                       */s/ ANDREW A. PATERSON*
                                       ANDREW A. PATERSON (P18690)
                                       Attorney for Plaintiff
                                       2893 E. Eisenhower Pkwy
                                       Ann Arbor, MI 48108
                                       (248) 568-9712

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**

      Plaintiff,

v.

**JOCELYN BENSON**, in her official and individual capacities as the Secretary of State, and
**JANICE WINFREY,** in her official and individual capacities as the Detroit City Clerk, and
**DETROIT DEPARTMENT OF ELECTIONS,**

      Defendants.

Case No. 20-cv-00981

**Hon.**

/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

**HEATHER S. MEINGAST (P55439)**
ERIK GRILL (64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

JAMES D. NOSEDA (P52563)
City of Detroit Law Department
Attorneys for Defendants Winfrey
and Detroit Department of Elections
2 Woodward Ave, 5th Floor
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

/

## PLAINTIFF'S BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO COUNT IV OF COMPLAINT (ECF NO. 1) PURSUANT TO FED.R.CIV.P. 56.

_____

## TABLE OF CONTENTS

**Statement of Issues Presented**...........................................................7

**Most Controlling or Appropriate Authority**................................8

**Introduction**.................................................................................9-11

**Arguments**.......................................................................................11-24

**Conclusion**............................................................................................24

## STATEMENT OF ISSUES PRESENTED

I.    Is Public Act 177 of 2020 a special act that was enacted in

violation of Mich.Const.1963, art. IV, §29?

Moving Plaintiff Answers:   Yes

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

**Cases**
*Houston v Governor*, 491 Mich. 876; 810 NW2d 255 (2012)
*State v. Wayne Co. Clerk*, 466 Mich. 640, 648 N.W.2d 202 (2002)

**Rules**
Fed. R. Civ. P. 56

**State Statutes**
Mich. Comp. Laws §168.759(6)
Public Act 177 of 2020

# **INTRODUCTION**

In response to the "huge" increase in absentee voter ballot requests for the City of Detroit, on October 6, 2020, Michigan Governor Gretchen Whitmer formally signed into law Public Act 177 of 2020 that allows the Defendant Janice Winfrey and other city and township clerks with populations of 25,000 residents or more to begin processing returned absentee ballots a day before the November 3, 2020 general election. Specifically, Public Act 177 of 2020 ("PA 177") added subsection 6 to Mich.Comp.Laws §168.765 of Michigan Election Law.   PA 177 took immediate effect on October 6, 2020.

Mich.Comp.Laws §168.765(6), as amended by PA 177, provides in relevant part:

> (6) ***For the November 3, 2020 general election only, if the clerk of a city or township with a population of at least 25,000*** provides written notice in compliance with this subsection to the secretary of state 20 days or more before election day, that city or township clerk, or his or her authorized designee, may between the hours of 10a.m. and 8 p.m. on the day before election day perform certain absent voter ballot pre-processing activities as described in this subsection. The written notice provided to the secretary of state must include the location and hours that the absent voter ballot return envelopes will be opened in that city or township. The secretary of state shall post any written notice

received from the clerk of a city or township under this subsection on the department of state website. In addition, the clerk of the city or township shall post the written notice provided to the secretary of state on the city or township website. The board of election commissioners shall appoint election inspectors to the location where absent voter ballot return envelopes will be opened in that city or township not less than 21 days or more than 40 days before the day at which they are to be used. (emphasis supplied).

Upon information and belief, in accordance with Mich.Comp.Laws §168.765(6) the Defendant Janice Winfrey timely provided notice to the Defendant Secretary of State to be authorized to begin processing the returned absentee ballots one day before the November 3, 2020 general election.  Notably, however, Mich.Comp.Laws §168.765(6) does not apply to *all* city and township clerks.   Mich.Comp.Laws §168.765(6) only applies *"if the clerk of a city or township with a population of at least 25,000."* (emphasis supplied).

Plaintiff's local city clerk in the City of Highland Park would not be able to process the returned absentee ballots a day before the November 3, 2020 general election.  Like the City of Detroit, the City of Highland Park has also seen a relatively large increase of absentee voter ballot requests.  However, because a new federal census will not be completed prior to the November 3, 2020 general election, Plaintiff's local city clerk

would not be able to qualify to apply to the Defendant Secretary of State to begin to process returned absentee ballots a day before the November 3, 2020 general election. Because other local city and township clerks will not be able to qualify due to the deadline set forth in the amended statute, PA 177 constitutes as a local or special act.

Mich.Const.1963, art. IV, §29, requires special or local acts to be "approved by two-thirds of the members elected to and serving in each house *and by a majority of the electors voting thereon in the district affected*." (emphasis supplied). As noted, PA 177 took immediate effect on October 6, 2020 after the Governor signed it into law. According to the official journals of both the Michigan Senate and House of Representatives, PA 177 was approved by two-thirds of the members elected to and serving in the House of Representatives and the Senate. However, prior to going into effect, PA 177 was **not** approved by a majority of the registered electors in the various cities and townships with at least 25,000 residents. PA 177 is a local or special act because other municipalities, like the City of Highland Park, cannot qualify prior to the November 3, 2020 general election. More importantly, the

amendments instituted with the enactment of PA 177 only applies for the November 3, 2020 general election.

## LAW AND LEGAL ANALYSIS

I. **Summary Judgment With Respect to State-Law Claim Pled and Alleged In Count IV of Plaintiff's Complaint Is Appropriate Under Rule 56 Because There Are No Disputed Issues Of Fact.**

A. **Standard of Review.**

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact. *Scott*, 550 U.S. at 380; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Scott*, 550 U.S. at 380 (quoting *Matsushita*, 475 U.S. at 586), as the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," id. (quoting Anderson, 477 U.S. at 247-248) (emphasis in original); see also *Babcock & Wilcox Co. v. Cormetech, Inc.*, 848 F.3d 754, 758 (6th Cir. 2017) ("A mere scintilla of evidence or some metaphysical doubt as to a material fact is insufficient to forestall summary judgment.").

In fact, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir.2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)). "Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or

oppose summary judgment." *Alexander*, 576 F.3d at 558.  However, "[b]oth claimants and parties defending against a claim may move for summary judgment 'with or without supporting affidavits.'" *Id.* at 557-558 (quoting Fed.R.Civ.P. 56(a), (b)). Although not necessary, Plaintiffs will be filing separate affidavits and/or declarations in support of Plaintiffs' instant emergency motion for summary judgment. *Id.*

## B. Law and Legal Analysis.

### 1. Proper Exercise of Supplemental Jurisdiction.

"[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "In other words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir.1998).  "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004).  "This requirement is met when state and federal law

claims arise from the same contract, dispute, or transaction." *Soehnlen v Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir.1996); accord White v. County of Newberry, S.C., 985 F.2d 168, 172 (4th Cir.1993) (recognizing that claims form part of same case or controversy if they "revolve around a central fact pattern").

Here, Plaintiff's state-law claim pled in Count IV of the complaint (ECF No. 1) clearly arises from the same dispute and/or transaction as Plaintiff's federal claims as pled in Counts I and II of the complaint (ECF No. 1). *Soehnlen*, 844 F.3d at 588. Thus, Plaintiff's state-law claim as pled in Count IV forms part of the same case or controversy as Plaintiff's federal claims because they "derive from a common nucleus of operative facts". *Ahearn*, 100 F.3d at 454-55. Accordingly, the Court exercising supplemental jurisdiction over this state-law claim would be proper and appropriate.

## 2. Declaratory Judgment Under MCR 2.605 Is Appropriate.

In applying Michigan law, this Court "follow[s] the decisions of the state's highest court when that court has addressed the relevant issue." *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir.2000). If the issue has not been directly addressed, this Court must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir.2005). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id.*

MCR 2.605 governs a trial court's power to enter a declaratory judgment. The court rule provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." MCR 2.605(A)(1).  The language in this rule is permissive, and the decision whether to grant declaratory relief is within the trial court's sound discretion. *P.T. Today, Inc. v. Comm'r of*

*Office Fin. & Ins. Servs.*, 270 Mich.App. 110, 126, 715 NW2d 398, 411 (2006).

When there is no actual controversy, the court lacks jurisdiction to issue a declaratory judgment. *Citizens for Common Sense in Gov't v. Attorney General*, 243 Mich.App. 43, 55; 620 NW2d 546, 552 (2000). Thus, "the existence of an `actual controversy' is a condition precedent to the invocation of declaratory relief." *P.T. Today, Inc.*, 270 Mich.App. at 127, 715 N.W.2d 398, 411. An actual controversy exists when a declaratory judgment is necessary to guide the plaintiff's future conduct in order to preserve the plaintiff's legal rights. *Shavers v. Attorney General*, 402 Mich. 554, 588-589, 267 NW2d 72, ___ (1978). "It is not necessary that 'actual injuries or losses have occurred'; rather than `plaintiffs plead and prove facts which indicate an adverse interest necessitating a sharpening of the issues raised.'" *Kircher v. City of Ypsilanti*, 269 Mich.App. 224, 227; 712 NW2d 738, 741 (2005), quoting Shavers, 402 Mich. at 589, 267 NW2d at____.

Here, there is clearly an actual controversy between the Plaintiff and Defendants Janice Winfrey and Detroit Department of Elections. As noted, in response to the "huge" increase in absentee voter ballot

requests for the City of Detroit, on October 6, 2020, Michigan Governor Gretchen Whitmer formally signed into law Public Act 177 of 2020 that allows the Defendant Janice Winfrey and other city and township clerks with populations of 25,000 residents or more to begin processing returned absentee ballots a day before the November 3, 2020 general election.  Specifically, Public Act 177 of 2020 ("PA 177") added subsection 6 to Mich.Comp.Laws §168.765 of Michigan Election Law. PA 177 took immediate effect on October 6, 2020.

Mich.Comp.Laws §168.765(6), as amended by PA 177, provides in relevant part:

> (6) ***For the November 3, 2020 general election only, if the clerk of a city or township with a population of at least 25,000*** provides written notice in compliance with this subsection to the secretary of state 20 days or more before election day, that city or township clerk, or his or her authorized designee, may between the hours of 10a.m. and 8 p.m. on the day before election day perform certain absent voter ballot pre-processing activities as described in this subsection. The written notice provided to the secretary of state must include the location and hours that the absent voter ballot return envelopes will be opened in that city or township. The secretary of state shall post any written notice received from the clerk of a city or township under this subsection on the department of state website. In addition, the clerk of the city or township shall post the written notice provided to the secretary of state on the city or township

website. The board of election commissioners shall appoint election inspectors to the location where absent voter ballot return envelopes will be opened in that city or township not less than 21 days or more than 40 days before the day at which they are to be used. (emphasis supplied).

Upon information and belief, in accordance with Mich.Comp.Laws §168.765(6), the Defendant Janice Winfrey timely provided notice to the Defendant Secretary of State to be authorized to begin processing the returned absentee ballots one day before the November 3, 2020 general election.  Notably, however, Mich.Comp.Laws §168.765(6) does not apply to all city and township clerks. Mich.Comp.Laws §168.765(6) only applies *"if the clerk of a city or township with a population of at least 25,000."* (emphasis supplied).

Plaintiff's local city clerk in the City of Highland Park would not be able to process the returned absentee ballots a day before the November 3, 2020 general election.  Like the City of Detroit, the City of Highland Park has also seen a relatively large increase of absentee voter ballot requests.  However, because a new federal census will not be completed prior to the November 3, 2020 general election, Plaintiff's local city clerk would not be able to qualify to apply to the Defendant Secretary of State to begin to process returned absentee ballots a day before the November

3, 2020 general election. Because other local city and township clerks will not be able to qualify due to the deadline set forth in the amended statute, PA 177 constitutes as a local or special act.

Mich.Const.1963, art. IV, §29, requires special or local acts to be "approved by two-thirds of the members elected to and serving in each house *and by a majority of the electors voting thereon in the district affected*." (emphasis supplied). As noted, PA 177 took immediate effect on October 6, 2020 after the Governor signed it into law. According to the official journals of both the Michigan Senate and House of Representatives, PA 177 was approved by two-thirds of the members elected to and serving in the House of Representatives and the Senate. However, prior to going into effect, PA 177 was **not** approved by a majority of the registered electors in the various cities and townships with at least 25,000 residents. PA 177 is a local or special act because other municipalities, like the City of Highland Park, cannot qualify prior to the November 3, 2020 general election. Notably, the amendments instituted with the enactment of PA 177 only applies for the November 3, 2020 general election.

It is a well-established rule under Michigan jurisprudence that a "statute is presumed to be constitutional unless its unconstitutionality is clearly apparent." *McDougall v. Schanz*, 461 Mich. 15, 23, 597 N.W.2d 148 (1999). Further, any "attempt to segregate any portion or exclude any portion [of a statute] from consideration is almost certain to distort the legislative intent." *Robinson v. City of Lansing*, 486 Mich. 1, 16, 782 N.W.2d 171 (2010). Rather, when interpreting a statute, its words "should not be construed in the void, but should be read together to harmonize the meaning, giving effect to the Act as a whole." *General Motors Corp. v. Erves*, 399 Mich. 241, 255, 249 N.W.2d 41 (1976).

Mich.Const. 1963, art. 4, § 29 provides that the Legislature "shall pass no local or special act where a general act can be made applicable," unless approved by a two-thirds vote of the Legislature and by a "**majority of the electors voting thereon in the district affected**." (emphasis supplied). Whether PA 177 constitutes a local act must be determined in accordance with the principles set forth in the preceding paragraph. Indeed, the fact that Mich.Const. 1963, art. 4, § 29 refers to the "act" underscores the necessity of viewing all of statutory provisions within the larger context of the act itself.

In *Dearborn v. Bd. of Supervisors*, 275 Mich. 151, 155-156, 157; 266 N.W. 304 (1936), the Michigan Supreme Court established a two-part test for determining whether an act is "general" or "local". "First, the limiting criteria of the act must be reasonably related to the overall purpose of the statute." *Houston v Governor*, 491 Mich. 876,___; 810 NW2d 255, 257 (2012). "Second, the act must be sufficiently open-ended so that localities may be brought within the scope of its provisions as such localities over time meet the required criteria." *Id*. "The probability or improbability of other [localities] reaching the statutory [criteria] … is not the test of a general law." *Dearborn*, 275 Mich at 157. "'It must be assumed' that other localities may come to meet the criteria." *Houston*, 491 Mich. at____; 810 NW2d at 257, quoting *Dearborn*, 275 Mich. at 157, 266 NW 304.

However, as the Michigan Supreme Court recognized in Houston, supra, like here, when only certain cities "could satisfy those criteria by the date certain, we held that the act constituted 'local' legislation." *Houston*, 491 Mich. at _____; 810 NW2d at 259, citing *State v. Wayne Co. Clerk*, 466 Mich. 640, 648 N.W.2d 202 (2002). That is precisely the case here! Only certain cities will be able to satisfy the 25,000 population threshold by the November 3, 2020 general election. In fact, the 25,000

population threshold would have to have been met 20 days prior to the November 3, 2020 general election. See MCL §168.765(6), as amended by Public Act 177. Only certain cities and townships are able to meet the population threshold by the date certain. And since the federal census will not be completed until sometime next year, Plaintiff's community, the City of Highland Park would not be able to meet the population threshold by the date certain set forth in Public Act 177.

In addition, Public Act 177 cannot meet the first criteria of qualifying as a "general" act because the population threshold is **not** "reasonably related to the overall purpose of the statute." *Houston*, 491 Mich. at___; 810 NW2d at 257. As noted, all local city and township clerks have seen a significant increase in requests for absentee ballots due to the COVID-19 pandemic. There have been numerous articles written on how all local city and township clerks have received an abundance of requests from voters to vote by absentee ballot. Therefore, the benefits of Public Act 177 should not be limited to clerks who serves cities or townships with a population of 25,000 or more. It should be applicable to **ALL** local city and/or township clerks, irrespective of their respective populations.

It is apparent that Public Act 177 is a "local" or "special" act that was not properly enacted in accordance with Mich.Const.1963, art. IV, §29 because it was not approved by a majority of registered electors in the qualifying cities or townships prior to its enactment. Accordingly, the Court must either determine that Public Act 177 is unconstitutional and unenforceable or determine that the population requirement is severable from the act.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff prays that this Honorable Court GRANT Plaintiff's Emergency Motion for Partial Summary Judgment with respect to Count IV of the complaint and either rule the entire Public Act 177 unconstitutional or sever the unconstitutional population requirement from Public Act 177.

Dated: October 28, 2020                 Respectfully submitted,

                                                  */s/ ANDREW A. PATERSON*
                                                  ANDREW A. PATERSON (P18690)
                                                  Attorney for Plaintiff
                                                  2893 E. Eisenhower Pkwy
                                                  Ann Arbor, MI 48108
                                                  (248) 568-9712
                                                  aap43@outlook.com

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 28th day of October, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff