UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,                       )
             Plaintiff,        )
                                    )    No. 1:20-cv-981
-v-                                  )
                                    )    Honorable Paul L. Maloney
JOCELYN BENSON, *et al.*,            )
            Defendants.       )
                                    )

### ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

Plaintiff Robert Davis requests the Court issue a temporary restraining order or a preliminary injunction for Count I of his complaint, his claim for equal protection. (ECF No. 6.) The Court will deny the motion.

Courts must carefully scrutinize requests for temporary restraining orders and strictly enforce the stringent requirements imposed by Rule 65(b) because "our entire jurisprudence runs counter to the notion of court action before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 7 of Almeda Cty.*, 415 U.S. 423, 439 (1974). Decisions regarding a temporary restraining order fall within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in

opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union*, 467 F.3d 999, 1009 (2006)). These same four factors are considered for a request for a preliminary injunction.

Plaintiff's request for *ex parte* emergency relief must be denied for procedural reasons. Plaintiff did not file a verified complaint. (ECF No. 1.) And, Plaintiff did not file any affidavit with his request for a temporary restraining order.

The Court also finds Plaintiff has not demonstrated a likelihood of success on the merits. First, Plaintiff provides no basis for personal knowledge for his allegation that Defendants, "[s]ometime in April/May 2020" "met privately and secretly in Lansing and conspired to develop a plan" for the unlawful mass mailing of absentee ballot applications by the City Defendants to the voters in the City of Detroit "for the August 4, 2020 primary election. (ECF No. 1 Compl. ¶ 24.) Plaintiff's assertion is contrary to his allegations and the factual findings made in an earlier lawsuit Plaintiff filed in the state courts. In that lawsuit, Plaintiff alleged that Benson, not the City Defendants, unlawfully mailed the absentee ballot applications for the primary election. *See Davis v. Sec'y of State*, —N.W.2d—, 2020 WL 5552822, at *1 (Mich. Ct. App. Sept. 15, 2020) ("In this case before us, plaintiff challenged

defendant, Secretary of State's unsolicited sending of absentee ballot applications to registered Michigan voters by mail before the August 4, 2020 primary election and the November 3, 2020 general election, accompanied by a letter than encouraged absentee voting from home to stay safe in relation the COVID-19 outbreak."). The Michigan Court of Appeals wrote "defendant, acting as the chief elections officer of the state, sent absentee voter applications to registered Michigan voters." *Id.* at *5.

Second, the result here should not change from the result in the state court action simply because this complaint raises concerns about the general election, not the primary. Plaintiff again alleges that after the primary election Defendants "met privately" where Benson again advised and directed the City Defendants to mass mail unsolicited absent voter application. (Compl. ¶ 32 PageID.10.) He then alleges that the City Defendants mailed those applications "complying with the directive and advice given by" Benson. (*Id.* ¶ 33 PageID.11.) Taken together, these allegations do not amount to illegal conduct. The Michigan Court of Appeals stated that "local election officials must follow the Secretary of State's instructions regarding the conduct of elections[.]" *Davis*, No. 5552822 at *4.

Finally, to the extent Plaintiff complains about different treatment, he likely has not stated a claim. Plaintiff contends that Benson instructed the local election officials for the City of Detroit, but not for the City of Highland Park where he is a registered voter. (Compl. ¶ 49.) In the case in the state courts, Benson explained this difference, which was noted in the earlier opinion. "Defendant did not mail absent voter ballot applications to voters in locales where the local election officers planned to send applications to all registered

voters[.]" *Id.* at 1. While Plaintiff might not have received an absentee ballot application from Highland Park, the failure was not because of something these defendants did.

For these reasons, the Court **DENIES** Plaintiff's request for a temporary restraining order and for a preliminary injunction. (ECF No. 6.) **IT IS SO ORDERED.**

Date: October 30, 2020  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge