UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, )
           Plaintiff, )
 )   No. 1:20-cv-981
-v- )
 )   Honorable Paul L. Maloney
JOCELYN BENSON, *et al.*, )
           Defendants. )
 )

## ORDER DENYING EMERGENCY MOTIONS AND DISMISSING STATE LAW CLAIM

Plaintiff Robert Davis filed an "Emergency Motion for Partial Summary Judgment With Respect to Count IV of Complaint" (ECF No. 4) and an "Emergency Motion to Expedite Briefings, Scheduling, and Adjudication of Plaintiff's Emergency Motion for Partial Summary Judgment With Respect to Count IV of Complaint." (ECF No. 5). In Count IV, Plaintiff alleges that "Public Act 177 of 2020 is a special or local act that was not properly enacted with Mich. Const. 1963, art. IV, § 29." The Court will deny both motions and will dismiss the claim without prejudice.

Plaintiff brings Count IV against Defendants Winfrey and the Detroit Department of Elections. (ECF No. 1 Compl. ¶ 107 PageID.32-33.) Plaintiff's claim arises under State law and Plaintiff relies on this Court's supplemental or pendant jurisdiction under 28 U.S.C. § 1367. (*Id.* ¶ 108.) Plaintiff seeks a declaratory judgment, relying on Michigan Rule of Court 2.605. Plaintiff challenges the act signed into law on October 6, 2020, which allows certain city and township clerks to begin processing absentee ballots a day before the November 3, 2020, general election. (*Id.* ¶ 110.)

First, the Court concludes that a ruling on Plaintiff's request for emergency and expedited relief would be improper. While a Rule 56 motion may be filed "at any time," Fed. R. Civ. P. 56(b), a party opposing the motion may oppose the relief requested by submitting an affidavit or declaration that demonstrating a need for discovery, *see id.* 56 (d). Were the Court to grant Plaintiff's request to expedite resolution of his motion before any discovery and before hearing from Defendants, the Court would necessarily foreclose this opportunity to Defendants. Rule 65, not Rule 56, provides the means for a claimant to seek emergency or expedited relief.

Second, the Court has concerns about Plaintiff's standing for this claim seeking declaratory relief against Winfrey and the Detroit Department of Elections. Plaintiff resides in and is a registered voter in the City of Highland Park. (Compl. ¶ 10.) Winfrey is the City Clerk for the City of Detroit. Because Highland Park does not have 25,000 registered electors, the Highland Park clerk cannot begin processing absentee ballots before November 3. Neither Winfrey nor the Detroit Department of Elections have any jurisdiction or authority over Plaintiff or his absentee ballot. Whatever injury Plaintiff suffers as a resident of Highland Park as a result of Public Act 177 does not arise from the acts of these two defendants in either their individual or their official capacities.

Finally, even if Plaintiff has standing, the Court declines to exercise supplemental jurisdiction over this state law claim. Decisions concerning the exercise of pendant or supplemental jurisdiction fall within this Court's discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Where concerns of judicial economy, convenience and fairness to the litigants are not present, federal courts "should hesitate to

exercise jurisdiction over state claims[.]" *Id.* Here, the operative facts giving rise to the first three counts (the mailing of unsolicited absentee ballot applications) and the operative facts giving rise to the fourth count (early processing of absentee ballots) are distinct.

For these reasons, the Court **DENIES** Plaintiffs' Emergency Motion to Expedite Briefing (ECF No. 5) and also **DENIES WITHOUT PREJUDICE** Plaintiff's Emergency Motion for Partial Summary Judgment (ECF No. 4). The Court **DISMISSES WITHOUT PREJUDICE** Count IV of this Complaint. **IT IS SO ORDERED.**

Date: October 30, 2020                                    /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge