UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

    Plaintiff,

v.

JOCELYN BENSON; JANICE WINFREY;
BRENDA GREEN,

    Defendants.

Case No. 20-00981
Judge Paul L. Maloney

---

James D. Noseda
Patrick Cunningham
City of Detroit Law Department
Attorney for Janice Winfrey
Two Woodward Avenue, 5th Floor
Coleman A. Young Municipal Ctr.
Detroit, MI 48226
(313) 237-3057 / 5032
nosej@detroitmi.gov
cunninghamp@detroitmi.gov
P52563
P67643

Andrew A. Paterson
Attorney for Plaintiff
2893 E. Eisenhower Pkwy.
aap43@outlook.com
(248) 568-9712
P18690

---

JANICE WINFREY'S MOTION TO DISMISS COUNT V OF THE AMENDED COMPAINT
FOR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY DROP IMPROPERLY
JOINED CLAIM OR DISMISS FOR IMPROPER VENUE

TABLE OF CONTENTS

QUESTIONS PRESENTED..................................................................................................................3
TABLE OF AUTHORITIES ...............................................................................................................4
FACTS ................................................................................................................................................6
LAW AND ARGUMENT ...................................................................................................................8
1. Count V Fails To State A Procedural Due Process Claim Under 42 U.S.C. §1983. ............................8
2. Count V Should Be Dropped For Improper Joinder Of Clerk Winfrey.............................................10
3. Venue Is Improper As To The Claim Against Clerk Winfrey. ..........................................................11
CONCLUSION AND RELIEF REQUESTED ........................................................................................13

QUESTIONS PRESENTED

1. DOES COUNT V OF THE AMENDED COMPLAINT FAIL TO STATE A PROCEDURAL DUE PROCESS CLAIM UNDER 42 U.S.C. §1983?

2. SHOULD THE CLAIM AGAINST JANICE WINFREY BE DROPPED BECAUSE FOR IMPROPER JOINDER?

3. SHOULD THE CLAIM AGAINT JANICE WINFREY BE DISMISSED FOR IMPROPER VENUE?

Janice Winfrey answers YES to all questions.

## TABLE OF AUTHORITIES

Page(s)

Cases

*Audi AG & Volkswagen of America, Inc. v. Izumi*,
  204 F.Supp.2d 1014 (E.D. Mich. 2002) .................................................................................. 12
*Bd. of Regents of State Colleges v. Roth*,
  408 U.S. 564 (1972) .................................................................................................................. 9
*Call of the Wild Movie v. Does 1–1,062*,
  770 F.Supp.2d 332 (D.D.C.2011) .......................................................................................... 11
*Domino's Pizza PMC v. Caribbean Rhino*,
  453 F. Supp.2d 998 (E.D. Mich. 2006) .................................................................................. 12
*Experimental Holdings, Inc. v. Farris*,
  503 F.3d 514 (6th Cir. 2007) .................................................................................................... 9
*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) .............................................................................................. 11
*Kerobo v. Sw. Clean Fuels, Corp.*,
  285 F.3d 531 (6th Cir. 2002) .................................................................................................. 12
*Lugar v. Edmondson Oil Co.*,
  457 U.S. 922 (1982) .................................................................................................................. 9
*Macene v MJW, Inc.*,
  951 F.2d 700 (6th Cir. 1991) .................................................................................................... 9
*Mitchell v. Fankhauser*,
  375 F.3d 477 (6th Cir. 2004) .................................................................................................... 9
*Mosley v. Gen. Motors*,
  *Co.*, 497 F.2d 1330 (8th Cir.1974) ........................................................................................ 10
*Neinast v. Bd. of Trs. of the Columbus Metro. Library*,
  346 F.3d 585 (6th Cir. 2003) .................................................................................................... 9
*Pasha v. Jones*,
  82 F.3d 418, 1996 WL 185786 (6th Cir.1996) ...................................................................... 10
*Patrick Collins, Inc. v. John Does 1–21*,
  282 F.R.D. 161 (E.D.Mich.2012) ........................................................................................... 10
*Pyles v. Raisor*,
  60 F.3d 1211 (6th Cir. 1995) .................................................................................................... 9
*Shuman v Computer Assocs. Int'l, Inc.*,
  762 F. Supp. 114 (E.D. Pa. 1991) .......................................................................................... 12
*Stojcevski v. County of Macomb*,
  143 F.Supp.3d 675 (E.D. Mich. 2015) .................................................................................. 11
*Sweeton v. Brown*,
  27 F.3d 1162 (6th Cir. 1994) .................................................................................................... 9
*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ............................................................ 11

*Warf v. Bd. of Elections of Green Cty., Ky.*,
  619 F.3d 553 (6th Cir. 2010)......................................................................................... 8
*Women's Med. Prof'l Corp. v. Baird*,
  438 F.3d 595 (6th Cir. 2006)......................................................................................... 9

**Statutes**

28 U.S.C. § 1391(b)(1) ................................................................................................... 12
28 U.S.C. § 1406............................................................................................................. 12
28 U.S.C. § 1406(a) ....................................................................................................... 12
<u>42 U.S.C. §1983</u>..................................................................................................... passim
MCL 168.801 .................................................................................................................... 8
MCL 168.807 ........................................................................................................... 6, 7, 8, 9
MCL 168.810 ............................................................................................................. 6, 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(3)................................................................................................. 6, 12
Fed. R. Civ. P. 12(b)(6)..................................................................................................... 6
Fed. R. Civ. P. 15(a)(1)(B) ............................................................................................... 6
Fed. R. Civ. P. 20(a)(2).............................................................................................. 10, 11
Fed. R. Civ. P. 21 ............................................................................................................ 11
Fed. R. Civ. P 20 ......................................................................................................... 7, 10

Janice Winfrey and the City of Detroit move under Fed. R. Civ. P. 12(b)(6) to dismiss Count V of the amended complaint for failure to state a claim, or alternatively to drop Count V under Rule 21 for improper joinder, or dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue, for the reasons set forth below.

## FACTS

Rather than respond to the merits of the motion to dismiss (ECF No. 16) filed by Janice Winfrey and the Detroit Department of Elections to the original complaint, plaintiff Robert Davis filed an amended complaint (ECF No. 19) as of right under Fed. R. Civ. P. 15(a)(1)(B). The amended complaint drops the Detroit Department of Elections as a defendant, drops of all of the prior claims made against Clerk Winfrey, and now alleges a single claim against Clerk winfrey seeking for declaratory relief and damages under 42 U.S.C. § 1983 premised upon an alleged violation of plaintiff's federal procedural due process rights.

The initial complaint (ECF No. 1), purported to lay venue in this district by alleging causes of action jointly against the City defendants and Michigan Secretary of State Jocelyn Benson. Count V is the only claim in the amended complaint directed towards Janice Winfrey. Clerk Winfrey is not joined in any of the other claims in the amended complaint made against Secretary of State Benson and the newly added defendant the City of Highland Park Clerk.

Count V alleges that Davis' due process right were violated on November 3, 2020 when he was not allowed entry to two polling locations after the polls closed so that he could observe the counting and tallying of votes as is provided by MCL 168.810 and MCL 168.807. Davis contends that an unidentified poll worked was instructed by Clerk Winfrey[1] to lock the doors after

---

[1] The allegation is undoubtedly false. The elections department handles the nuts and bolts of elections, including training poll workers, who are instructed on state election law requirements.

6

the polls closed. Count V seeks damages, a declaration that his procedural due process rights were violated, that his right under state law were violated and an injunction against future conduct. A nearly identical claim is brought against the Highland Park Clerk Brenda Green in Count VI.

When he filed the amended complaint, Davis requested a summons for the newly added defendant, Highland Park City Clerk Green (ECF No. 21), but he has yet to seek a summons for Secretary Benson, despite multiple claims being lodged against her for months now. This suggests that Secretary Benson has been named only to lay venue in this district for claims against a clerk who resides and conducts business only in the Eastern District of Michigan.

The claim in Count V is identical (but that it concerns the August 4, 2020 primary election) to Count II of a proposed amended complaint that Davis sought leave to file in *Davis v Wayne County Election Commission and Janice Winfrey,* United States District Court for the Eastern District of Michigan, Southern Division, Judge Sean F. Cox presiding, Case No. 20-11819. (ECF No. 23-1, PageID##22-26.) Davis' Motion to amend was denied on December 15, 2020 and the case dismissed. (ECF No. 35, PageID## 1005-1023, Case 20-11819.) Judge Cox held that leave to amend to assert a procedural due process claim based upon an alleged violation of MCL 168.810 and MCL 168.807 would be futile because (1) the claim was improperly joined under Fed. R. Civ. P 20; (2) it made no allegation of that the Clerk did anything to Davis at the two polling locations where he allegedly was denied the right to observe counting and tallying; (3) there were no allegations to show an unconstitutional policy, custom or practice; (4) due process rights were not implicated because the right to vote was not at stake; and (5) plaintiff failed to plead a procedural

---

Inspectors at each polling place have and use the state's reference guide which they must adhere to (Managing_Your_Precinct_on_Election_Day_391790_7.pdf (michigan.gov)). The guide instructs that those who are present when the polls close to voters, must be allowed to observe closing procedures.

7

due process violation because he did not allege a lack of an state remedy for the alleged violation of state laws.

## LAW AND ARGUMENT

1. Count V Fails To State A Procedural Due Process Claim Under 42 U.S.C. §1983.

Davis contend that he was denied procedural due process when he was denied access to a polling place, claiming that the doors were locked at the end of the voting period. He relies on two Michigan state statutes that provide that a person may view the tallying of votes after the polls close. The Michigan Secretary of State instructs that after the polls close, a door should be left unlocked to allow person to view the tallying. The City Code requires those rules and laws be followed. Clerk Winfrey contends that for the same reasons that Judge Cox ruled that leave to amend was futile in Case No. 20-11819, Count V here fails to state a claim.

Count V alleges that Davis had a protected property interest to witness and observe vote counting and tallying under MCL 168.801 and MCL 168.807, and that he was denied those rights by one or more unnamed election workers at two of the City's voting locations (which number in the hundreds). Davis alleges that an election worker told him that Clerk Winfrey had instructed "them" to lock the doors and let no one in after the polls closed at 8 p.m.

The alleged due process claim does not implicate the right to vote. See, e.g., *Warf v. Bd. of Elections of Green Cty., Ky.*, 619 F.3d 553, 559 (6th Cir. 2010) ("The Due Process clause is implicated, and § 1983 relief is appropriate, in the exceptional case where a state's voting system is fundamentally unfair."). Count V otherwise fails to state a claim for a denial of procedural due process. Assuming for purposes of this motion that Davis had a liberty interest under MCL

168.810 or MCL 168.807, he has failed to allege that he was denied an opportunity to be heard following an alleged random and unauthorized violation of state election law.

The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). There can be no federal procedural due process claim without a protected liberty or property interest. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). A claim under § 1983 can only be brought for a "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress violations of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994); *Neinast v. Bd. of Trs. of the Columbus Metro. Library,* 346 F.3d 585, 597 (6th Cir. 2003).

In this case, plaintiff asserts that unidentified election workers violated two state election laws. The allegations fail to state a claim under § 1983. In the Sixth Circuit, a Section 1983 plaintiff "may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedures that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a 'random and unauthorized act' *and* that available state remedies would not adequately compensate for the loss." *Macene v MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991) (emphasis in original); *see also Mitchell v. Fankhauser*, 375 F.3d 477, 481-84 (6th Cir. 2004) (a plaintiff must plead and prove the inadequacy of state remedies when an alleged due process violation involves a random or unauthorized act).

9

The claim Davis makes here falls into the second category above. But Davis' due process claims is not " 'ripe' for consideration by a federal court because the state action at issue is not complete. If the state procedures adequately cure any alleged deprivation of property then due process has not been violated. The inadequacy of state remedies generally cannot be proven unless those remedies are exhausted." *Macene*, 951 F.2d at 706. Davis does not even allege that he sought a state remedy (e.g., mandamus), nor that a state remedy would not adequately compensate for any possible loss, so he fails to plead a due process claim under Section 1983.

2. Count V Should Be Dropped For Improper Joinder Of Clerk Winfrey.

If the Court does not dismiss Count V, it should be dropped for improper joinder. The amended complaint makes multiple claims against Secretary Benson and Highland Park Clerk Green, but just one claim against the Clerk Winfrey.  The claim against Clerk Winfrey is wholly unrelated to the other claims in the case. Joinder of the claims against Clerk Winfrey with the claims against the other defendants is improper under Rule 20.

Fed. R. Civ. P. 20(a)(2) allows the joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

"The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Patrick Collins, Inc. v. John Does 1–21,* 282 F.R.D. 161, 166 (E.D.Mich.2012) (quoting *Mosley v. Gen. Motors Co.,* 497 F.2d 1330, 1332 (8th Cir.1974)); *see also Pasha v. Jones,* 82 F.3d 418, 1996 WL 185786, at *1 (6th

10

Cir.1996) (holding that claims may be joined when "they assert any right to relief relating to or arising out of the same transaction or ... series of transactions" and that "joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues"). Rule 20(a)(2) embodies the Federal Rule's "impulse ... toward entertaining the broadest possible scope of action consistent with fairness to parties." *Call of the Wild Movie v. Does 1– 1,062,* 770 F.Supp.2d 332, 339 (D.D.C.2011) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (internal quotations omitted)).

Courts inquire whether "there is a logical relationship between the separate causes of action" that the plaintiff seeks to join in a single case. *In re EMC Corp.,* 677 F.3d 1351, 1358 (Fed. Cir. 2012). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *EMC Corp.,* 677 F.3d at 1358. "Stated differently, the plaintiffs' claims must share an aggregate of operative facts." *Stojcevski v. County of Macomb,* 143 F.Supp.3d 675, 683 (E.D. Mich. 2015) (internal quotation marks, citations, and emphasis omitted).

In this case, there is no evidentiary overlap in the claims against Secretary Benson and Clerk Green, on the one hand, and the claim against Clerk Winfrey. There is no logical relationship between the causes of action. The remedy for improper joinder is to drop or sever the claim (Fed. R. Civ. P. 21), but venue would be improper in this district if the claim were severed, so Clerk Winfrey should be dropped as a party.

3. Venue Is Improper As To The Claim Against Clerk Winfrey.

It is well-settled that there may be more than one proper venue for an action. *First of Mich. Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir. 1998). "In cases with multiple defendants,

venue must be proper with respect to all defendants." *Domino's Pizza PMC v. Caribbean Rhino,* 453 F. Supp.2d 998, 1005 (E.D. Mich. 2006). "Similarly, in a case in which multiple claims are joined, venue must be proper for each claim." See, *Shuman v Computer Assocs. Int'l, Inc.*, 762 F. Supp. 114, 115 (E.D. Pa. 1991) (internal citations omitted). On a motion to dismiss for improper venue under 28 U.S.C. § 1406, the plaintiff bears the burden of proving that venue is proper. *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002). The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.*; see also *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002) (Fed. R. Civ. P. 12(b)(3) motion to dismiss is appropriate procedural vehicle by which to challenge improper venue). If the court finds that venue is improper, the case may be dismissed or transferred to the district in which it could have been brought. 28 U.S.C. § 1406(a). "[W]hether to dismiss or transfer is within the district court's sound discretion." *First of Mich., supra*, at 262.

Venue in this case is premised on 28 U.S.C. § 1391(b)(1), i.e., a district where only one defendant, Secretary Benson, allegedly resides. The only allegation in support of venue is at paragraphs 7 and 8 and footnote 2 of the amended complaint (ECF 19, PageID#164) which says: "Events giving rise to the cause of action pled and alleged herein occurred in the Western District of Michigan." That is simply false as to the claim against Clerk Winfrey.

Plaintiff must establish that venue is proper for the claim made against Clerk Winfrey. There are no such allegations and none can be made. The Clerk resides in Detroit, Michigan. No event giving rise to the claims against Clerk Winfrey has been or can be placed anywhere other than in Detroit.

Venue as to the claims against Clerk Winfrey is proper only in the Eastern District of

12

Michigan. That is where the she resides and where the alleged election law violation occurred. The Court could transfer this case to the Eastern District of Michigan, Southern Division, but it also may dismiss the claim. Given that Count V fails to state a claim, as explained above, and that Clerk Winfrey was improperly joined, the claim should be dismissed.

CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Count V should be dismissed for failure to state a claim. Alternatively, the Court should drop Count V for improper joinder, or dismiss for improper venue.

>Janice Winfrey,
>
>By: /s/ James D. Noseda
>City of Detroit Law Department
>Two Woodward Avenue, 5th Floor
>Coleman A. Young Municipal Ctr.
> Detroit, Michigan 48226
>(313) 237-5032
>nosej@detroitmi.gov
>P52563

**Certificate of Service**

I certify that on December 16, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties.

/s/James D. Noseda