# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ROBERT DAVIS,

      Plaintiff,

v.

JOCELYN BENSON,
in her official and individual
capacities as the Secretary of State,

and

JANICE WINFREY, in her official and
individual capacities as the Detroit City Clerk,
DETROIT DEPARTMENT OF ELECTIONS, and
BRENDA GREEN, in her official capacity as the
Highland Park City Clerk,

      Defendants.

Case No. 20-CV-00981
HON. PAUL MALONEY

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiffs
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

HEATHER S. MEINGAST (P55439)
ERIK GRILL (64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

JAMES D. NOSEDA (P52563)
City of Detroit Law Department
Attorneys for Defendants Winfrey
and Detroit Department of Elections
2 Woodward Ave, 5th Floor
Detroit, MI 48226
(313) 237-5032
cunninghamp@detroitmi.gov

JAMES W. MCGINNIS (P29323)
J W MCGINNIS LLC
Counsel for Defendant Green
23456 Southfield Road
Southfield, Michigan 48075
(313) 446-9582
jwmlawoffices@sbcglobal.net

_____/

**DEFENDANT BRENDA GREEN'S MOTION
TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW COMES Defendant BRENDA GREEN by and through counsel and states as follows:

1.  This action commenced on October 14, 2020. (ECF No. 1)

2.  On November 18, 2020, Defendants filed a motion to dismiss under Rule 12(b)(6) FRCP. (ECF No. 16)

3.  Within the time allowed Plaintiff amended his complaint and mooted Defendants' motion to dismiss. (ECF No. 19)

4.  On December 9, 2020, Plaintiff filed a First Amended Complaint. (ECF No. 19)

5.  Plaintiff is suing the Defendant Green for violating his Fourteenth Amendment rights under 42 USC §1983.

6.  The events which are the subject matter of this action occurred on October 5, 2020 and November 3, 2020 in the City of Detroit and the City of Highland Park.

7.  At times relevant herein, Defendant Green was employed by the City of Highland Park as the City Clerk.

8.  Plaintiff alleges

9.  Plaintiff alleges

10. Plaintiff has failed to state valid claims for which relief can be granted.

11. Defendants are entitled to dismissal of the claims lodged herein.

12. Defendants Holcomb and Edwards are entitled to qualified immunity.

WHEREFORE Defendants herein pray this Honorable Court grant their Motion to Dismiss.

/s/ James W. McGinnis
JAMES W. MCGINNIS (P29323)
J W MCGINNIS LLC
Counsel for Defendant Green
23456 Southfield Road
Southfield, Michigan 48075
(313) 446-9582
jwmlawoffices@sbcglobal.net

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT DAVIS,                                                  Case No. 20-CV-00981
                                                              Hon. Paul Maloney
      Plaintiff,

v.

JOCELYN BENSON,
in her official and individual
capacities as the Secretary of State,

and

JANICE WINFREY, in her official and
individual capacities as the Detroit City Clerk,
DETROIT DEPARTMENT OF ELECTIONS, and
BRENDA GREEN, in her official capacity as the
Highland Park City Clerk,

      Defendants.

_____/

ANDREW A. PATERSON (P18690)          JAMES D. NOSEDA (P52563)
Attorney for Plaintiffs               City of Detroit Law Department
2893 E. Eisenhower Pkwy               Attorneys for Defendants Winfrey
Ann Arbor, MI 48108                   and Detroit Department of Elections
(248) 568-9712                        2 Woodward Ave, 5th Floor
aap43@outlook.com                     Detroit, MI 48226
                                      (313) 237-5032
HEATHER S. MEINGAST (P55439)          cunninghamp@detroitmi.gov
ERIK GRILL (64713)
Assistant Attorneys General           JAMES W. MCGINNIS (P29323)
Attorneys for Defendant Benson        J W MCGINNIS LLC
P.O. Box 30736                        Counsel for Defendant Green
Lansing, MI 48909                     23456 Southfield Road
(517) 335-7659                        Southfield, Michigan 48075
meingasth@michigan.gov                (313) 446-9582
grille@michigan.gov                   jwmlawoffices@sbcglobal.net

_____/

# <u>TABLE OF CONTENTS</u>

Page

Index of Authorities...............................................................................................................ii

Controlling Authorities..........................................................................................................v

Statement of Questions Presented........................................................................................vi

Introduction…………………………………...…………………………………...…...………………1

Arguments:

     I.     PLAINTIFF HAS FAILED TO STATE A VALID CLAIM AGAINST DEFENDANT GREEN……………………………………………………...…7

     II.    THE COURT SHOULD DENY ANY REQUEST FOR DECLARATORY JUDGMENT………………………………………………………….14

     III.   PLAINTIFF HAS FAILED TO ESTABLISH PROPER VENUE……………...15

Relief Requested ………………………………………………………………..16

## INDEX OF AUTHORITIES

**Case**                                                                                           **Page**

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598 (*1970*)……………………………3

*Albright v Oliver,* 510 U.S. 266, 114 S. Ct. 807 (1994)……………………………………..7

*Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)..........................1,2,7

*Barany-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008)………………………………………1

*Bd. Of County Commissioners v. Brown*, 520 U.S. 394, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)………………………………………………………………………………………….. 4

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)………...……………………………….1,2,7

*Burton* v. Stevedoring ... Cooper, *957 F.2d* 1199 (5th Cir. 1992) ………………………….…..12

*Cahoo v. SAS Analytics Inc*., 912 F.3d 887 (6th Cir. 2019)…………………………….……11

*Chandler v. Vill. of Chagrin Falls*, 296 Fed. Appx. 463 (6th Cir. 2008) ………………….…..12

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487,
84 L. Ed. 2d 494 (1985)………………………………………………………………...…11

*Club Italia Soccer & Sports Organization, Inc. v. Charter Township of Shelby*, 470 F.3d *286* (6 Cir. 2006)……………………………………………………………………………..9

*Davis v Wayne County Elections*, (Case No. 20-CV-11819)…………………………………...12

*Dunn v. Blumstein*, 405 U.S. 330, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972)……………………..10

*Gomez v Toledo,* 446 U.S. 635 (1980). ……………………………………………………….7

*Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984)………….14

*Green v. Mansour*, 474 U.S. 64, 106 S. Ct. 423, 88 L. Ed. 2d 371, (1985)……………………..13

*Griffin v Burns,* 570 F2d 1065 (1st Cir 1978) ……………………………………………....13

*Hafer v Melo*, 502 U.S. 21, 25 (1991)........................................................................................7

*Hahn v. Star Bank,* 190 F.3d 708 (6th Cir. 1999)……………………………………………11

*Hartman v Moore,* 547 U.S. 250 (2006)…………………………………………………….7

*Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 86 S. Ct. 1079, 16 L. Ed. 2d 169 (1966)…..9

*Hoover v. Walsh,* 682 F.3d. 481 (6th Cir. 2012). …………………………………………..…2

*Jefferson v. Jefferson County Public Sch. Sys.,* 360 F.3d 583 (6th Cir. 2004)…………….13, 14

*Kentucky v. Graham*, 473 U.S. 159, 105 S. Ct. 3099, 87. L. Ed. 2d 114 (1985)………………...7

*League of Women Voters v. Brunner*, 548 F.3d 463 (6th Cir. 2008)…………………………...10

*McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802, 89 S. Ct. 1404,

22 L. Ed. 2d 739 (1969). …………………………………………………………………..…....10

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018,

56 L.Ed.2d 611 (1961) …………………………………………………………….…….2, 3

*Monroe v. Pape*, 365 U.S. 167, 815 S. Ct. 473, 5 L.Ed.2d 496 (1961)…………………………..2

*Pembaur v. Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292 (1986)……………………………….3,8

*Radvansky v. City of Olmsted Falls,* 395 F.3d 291 (6th Cir. 2005)……………………………….9

*Richardson v. Twp. of Brady,* 218 F.3d 508 (6th Cir. 2000)……………………………………..12

*Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011)…………………………10

*Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031 (6th Cir. 1992)………………….10

*St. Louis v. Praprotnick*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)………………..3,8

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. Appx. 826 (6th Cir, 2009)……………...8,9

*Trihealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783 (6th Cir. 2005)………………………………….10

*Warf v. Bd. of Elections,*. 619 F.3d 553 (6th Cir. 2010) …………………………………………..12

*Wilton v. Seven Falls Co*., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)…………….13

**Statutes**

42 U.S.C. § 1983.................................................................................1,2,3,4,5,6,7,12,14

28 U.S.C § 2201……………………………………………………………………………4,5,6,13

28 U.S.C. § 3901……………………………………………………………………………..14

**Michigan Constitution**

Mich Const. 1963, art 2, § 4(1)(h)………………………………………………………..6

**Court Rules**

Fed R. Civ. P. 8(a).................................................................................................1

Fed. R. Civ. P. 12(b)(6).........................................................................................1

**Statutes**

MCL 168.807..........................................................................................................12

MCL 168.759………………………………………………………………………………..8

## <u>CONTROLLING AUTHORITIES</u>

1. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct 1939, 173 L. Ed 2d 868 (2009)

2. *Bazzi v. City of Dearborn,* 682 F.3d 481 (6th Cir 2012)

3. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)

4. *Jefferson v. Jefferson County Public Sch. Sys.,* 360 F.3d 583 (6th Cir. 2004)

5. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611

   (1961)

6. *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S. Ct. 1292 (1986)

7. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011)

## <u>STATEMENT OF QUESTIONS PRESENTED</u>

I.      HAS THE PLAINTIFF FAILED TO STATE A VALID CLAIM AGAINST
        DEFENDANT GREEN?

II.     SHOULD THE COURT DENY ANY REQUEST FOR DECLARATORY
        JUDGMENT?

III.    HAS PLAINTIFF FAILED TO ESTABLISH PROPER VENUE?

**INTRODUCTION**

Plaintiff filed an amended complaint after two of the original Defendants' Motion to Dismiss was submitted. (ECF #16) Plaintiff added counts and Defendant Green, Clerk for the City of Highland Park to the Amended Complaint. (ECF # 19) In the Amended Complaint, Plaintiff alleges that Defendant Green violated his equal protection and procedural due process rights guaranteed by the Fourteenth Amendment.  Plaintiff claims his right to equal protection was abridged when Defendant Green treated him unfairly, when she failed to provide him an unsolicited absentee ballot application by mail and his right to due process was violated when she failed to allow him into two polling places after the polls closed on November 3, 2020. Plaintiff seeks to vindicate those violations under 42 USC § 1983.

Unfortunately, the Amended Complaint is as deficient as the original complaint.  The Amended Complaint does not provide a "plausible" claim for relief.  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 67 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct 1939, 173 L. Ed 2d 868 (2009).  Absent the conjecture and formulaic conclusions, there are not sufficient well-pled facts that meet the *Twombly* and *Iqbal* standard for stating a claim under 42 USC § 1983.  The Amended Complaint does not establish plausible claims of Fourteenth Amendment violations against Defendant Green.

**LEGAL STANDARDS**

**A.  Rule 12(b)(6)**

A motion brought under the Federal Rules of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the Complaint. When reviewing a motion to dismiss under this rule, the court must accept all well-pled facts as true and view them in the light most favorable to the non-movant. *Barany-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008). Generally, Rule 8(a)(2) only requires "a

1

short and plain statement of the claims." In *Ashcroft v Iqbal*, 556 U.S. 662 (2009), however, the Supreme Court ruled that when relief is sought under 42 U.S.C. § 1983 "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Further, the Supreme Court indicated that lower courts are not required to accept legal conclusions as facts to be judged in the non-movants favor. *Id*. In addition, the Court ruled that only a complaint that states a "plausible" claim for relief survives a motion to dismiss. *Id*. at 678. A complaint will not suffice "where the well-pled facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Therefore, to avoid dismissal, Plaintiff must set forth facts/allegations that amount to more than a "'formulaic recitation of the elements' of a constitutional deprivation." *Id.* at 678 (Quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)).

### B. Individual Liability under Section 1983

In *Monroe v. Pape*, 365 U.S. 167, 815 S. Ct. 473, 5 L. Ed.2d 496 (1961), the Supreme Court ruled that public officials acting under "color of law" can be held liable under 42 USC §1983 for violating the federally established rights of persons. To establish a claim against an official, Plaintiff must show that the government actor acting under color of state law violated his federally protected rights. *Hoover v. Walsh,* 682 F. 3d. 481 (6th Cir. 2012). The defendant acts under color of law when he/she exercises power derived by virtue of state law.

### C. Municipal Liability under Section 1983

In *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1961), the Supreme Court established that municipalities are "persons" under 42 USC § 1983, and as such, they may be liable under certain circumstances for violating federally conferred rights. A municipality may be liable for the actions of its employee if the employee was acting pursuant to a policy or custom of the municipality. A municipality may be subject to liability under § 1983

if plaintiff's federally protected rights were violated by enforcement of (1) an express municipal policy, (2) a custom or practice that has become the force of law, or (3) a decision of a final policymaker. *Monell; Pembaur v. Cincinnati*, 475 U.S. 469 (1986). Municipal liability may be based on:

1.  "execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

2.  a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167-68 (1970).

3.  the decision of a person with "final policymaking authority. *St. Louis v. Praprotnick*, 485 U.S. 112, 127 (1988); *Pembaur v. Cincinnati,* 475 U.S. 469 (1986).

## STATEMENT OF FACTS

Plaintiff filed a complaint against Defendants Benson, Winfrey and the Detroit Department of Elections. (ECF # 1) After a motion to dismiss were filed by Defendants Winfrey and Detroit Department of Elections, Plaintiff filed an amended complaint on December 9, 2020. (ECF # 19) In the amended complaint, claims were dropped against the Detroit Department of Election and against Defendant Winfrey except for a claim of due process violation under 42 USC § 1983. Defendant Green was added as a party to the Amended Complaint. Green is and has been the Clerk for the City of Highland Park at all times relevant herein. Two claims are lodged against Defendant Green under 42 USC § 1983.

As alleged in the Amended Complaint, Plaintiff is a resident and registered voter in the City of Highland Park.  He indicates he voted in the November 3, 2020 election by absentee ballot on October 5, 2020.  In Count I of the Amended Complaint Plaintiff asserts an equal protection violation against the Michigan Secretary of State Benson ("Secretary Benson") and Defendant Green.  He alleges Secretary Benson failed "to provide funds to all local clerks to pay for costs associated with mass mailing unsolicited absentee voter applications" and Defendant Green failed to follow Secretary Benson's directives regarding the mass mailing of unsolicited absentee ballot applications ("UABA").   Plaintiff claims a violation of his Fourteenth Amendment equal protection right "to participate in an election on equal basis as other registered voters."  This claim is brought against Secretary Benson and Defendant Green under 42 USC § 1983. The claim is lodged against Secretary Benson in her individual and official capacities. Defendant Green is sued in her official capacity. Plaintiff also asks for declaratory relief under 28 USC § 2201 et seq.

Plaintiff claims Secretary Benson has supervisory authority over local clerks who are duty bound to follow the Secretary of State's directives.  Plaintiff alleges that Secretary Benson directed the clerk for the City of Detroit ("Defendant Winfrey") "to unlawfully mass mail unsolicited

4

absentee voter applications" to registered Detroit voters for the August 4, 2020 primary election. (EFC #19, Pg ID 168-169).  Plaintiff imagines Secretary Benson and Defendant Winfrey conspired to increase voter turn out in the heavily Democratic Detroit area. Consequently, Defendant Winfrey and the Detroit Department of Election mailed out UABA in May/June, 2020.

After the August primary election, Plaintiff contends Secretary Benson and Defendant Winfrey met again in August, 2020 "to increase the voter turnout in the Democratic strong hold" for the November 3, 2020 general election.  In this second private meeting, Secretary Benson supposedly advised Defendant Winfrey she could mail out absentee voter applications. In September, 2020, Plaintiff alleges the Detroit officials did mass mail UABA.  Plaintiff alleges he protested this action before it occurred.

Plaintiff advises that he conducted an investigation which uncovered documents that revealed that Secretary Benson instructed all local clerks that due to the (COVID-19) pandemic they could mass mail UABA to registered voters.  Plaintiff complains that Secretary Benson mass mailed UABA to locales where the local clerks did not do so.  The City of Highland Park did not engage in the mass mailing to registered voters for the August, 2020 primary election. Secretary Benson mass mailed UABA to registered voters in Highland Park (ECF #19, Pg Id 181)

For the general election on November 3, 2020, Plaintiff alleges Secretary Benson did not do the mass mailing to Highland Park voters.  She advised Defendant Green she had the authority to do the mass mailing.  Secretary Benson did not, however, commit to paying for the mass mailing of UABA to Highland Park voters.  Defendant Green did not mass mail these applications to all of the registered voters in Highland Park (ECF #19, Pg ID 182).  Thus, Plaintiff states he did not receive an unsolicited mailing from Secretary Benson for the general election as he had for the primary.

Because Defendant Green did not mail out UABA for absentee voting, Plaintiff claims he had to appear personally to get his application.  On October 5, 2020, Plaintiff appeared in Highland Park, received his absentee application, filled it out and voted immediately on site after he was given a ballot.  (ECF #19, Pg ID 184).  Plaintiff complains that the voters in the City of Detroit did not have to comply with the same rules for getting an application to vote by absentee ballot.

The crux of Plaintiff's claim in Count I is that Secretary Benson's directives to Defendants Winfrey and Green "were arbitrary and caused Plaintiff to be treated differently from the registered voters in the City of Detroit."  Plaintiff claims that Defendant Green should have followed the unlawful directive of Secretary Benson to mass mail absentee applications to registered voters. Plaintiff further contends that Defendant Green should have acted like Defendant Winfrey who unlawfully mailed out unsolicited absentee applications.

In Count II, Plaintiff is suing Benson for violation of his right to due process under 42 USC § 1983 and for declaratory judgment under 28 USC § 2201 et seq.  Secretary Benson is being sued for her individual and official capacities.  Plaintiff claims "his right to a post-election audit as guarantee under the Mich Const. 1963, art. 2, § 4(1)(h)" was abridged.  Defendant Green is not involved in this count.

Count III is a class-of-one equal protection claim.  Plaintiff claims his request for post-election audits was treated differently from other similar requests.  Again, Secretary Benson is sued in her individual and official capacities under 42 USC § 1983 and the Declaratory Judgment Act.  28 USC § 2201 et seq.  Defendant Green is not sued on this count. Count IV is a class-of-one equal protection claim against Secretary Benson.  Plaintiff alleges he sought to have punitive actions brought against the Wayne County Prosecutor for election violations. Plaintiff claims his

request was treated differently than other similar requests. Defendant Green is not involved in this count.

Counts V and VI are claims of due process violations. Plaintiff claims he was denied the right "to witness and observe tallying of votes in voting precincts after polls closed."  The allegations in the counts are identical. Count V is against Defendant Winfrey; Count VI is against Defendant Green.  Both counts allege that after the polls closed for the general election on November 3, 2020, Plaintiff attempted to gain access to polling places in Detroit and Highland Park, to witness the board of election inspectors count and tally the votes cast.  He alleges he was denied access to two locations in Detroit and two in Highland Park. Plaintiff alleges his "protected property interest" to be present to witness the counting and tallying of votes was abridged.  In Count VI, Plaintiff further claims Defendant Green was responsible for the violation because a poll worker told him Defendant Green instructed the workers to lock the doors of the precinct after the poll closed at 8 p.m.

Plaintiff is seeking compensatory exemplary and punitive damages, attorney fees, and equitable injunctive and declaratory relief.  The Amended Complaint is dated December 9, 2020 and filed in this court on that date.  A jury trial is sought.

**ARGUMENTS:**

**I.  Plaintiff has failed to state a valid claim against Defendant Green.**

A party bringing a claim under 42 USC § 1983 has to show that 1) a person acting under the color of state law 2) violated the Plaintiff's federally protected right.  *Gomez v Toledo,* 446 US 635 (1980).  Plaintiff must plead and prove causation.  *Hartman v Moore*, 547 US 250 (2006).  A range of federal constitutional and federal statutory rights may be enforced under 42 USC § 1983, though the statute itself does not contain any rights. *Albright v Oliver,* 510 US 266 (1994).  The

statute does not cover violations of state law.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Defendant Green was not personally involved in Plaintiff's lockout; however, Plaintiff assumes she is liable under 42 USC § 1983 because she "is responsible for administering and overseeing elections" in Highland Park and she "instructed [her staff] to lock the doors after the polls closed at 8 p.m. . . ."  Defendant Green is sued in her official capacity. That is tantamount to suing the municipality. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Hafer v. Melo*, 502 U.S. 21 (1991). Plaintiff has to show that Defendant Green is a final policymaker for Highland Park, her directives to lower-level employees are official policy and the directives caused the violation of his federally conferred rights. *St. Louis v. Praprotnick*, 485 U.S. 112, 127 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469 (1986).

**A.  Plaintiff has failed to establish an equal protection claim**

In Count I Plaintiff sets forth a puzzling equal protection claim.  Plaintiff insists that his right to due process was abridged when Secretary Benson failed to provide funds to local clerks for UABA and when Defendant Green failed to adhere to Secretary Benson's directives regarding UABA.  The claim is confusing, in part, because Plaintiff alleges that the action that Defendant Green failed to execute was unlawful.  (ECF #19, ¶¶ 20, 21)  *Taylor v Currie*, 277 Mich App 85, 743 NW 2d 571 (2007).

Plaintiff claims that Defendant Green did not mass mail UABA to registered voters in the City of Highland Park.  Plaintiff contends that Secretary Benson did the mass mailing to Highland

Park registered voters for the primary election.  (ECF #19, ¶ ¶ 56, 57)  Plaintiff further indicates that Secretary Benson did not mass mail UABA for the November 3, 2020 general election but she advised Defendant Green she had the authority to do so. (ECF #19, ¶ ¶ 58, 59).  Plaintiff alleges that Defendant Green did not mass mail UABA because she did not receive assurances from Secretary Benson that the state would cover the costs. (ECF #19, ¶ 62).

Plaintiff acknowledges he received an unsolicited application for the August, 2020 primary election from Secretary Benson; however, he complains he did not receive one from her for the November 3, 2020 general election.  He alleges Secretary Benson did not send out any UABA for the general election in 2020. Because Plaintiff did not receive an unsolicited application by mail, he appeared at the Clerk's Office in Highland Park.  He indicates Defendant Green advised him he would have to follow Michigan Election Law.  MCL 168.759.  Plaintiff states he complied with the law by appearing at the Clerk's Office, requesting an absentee ballot, filling out the absentee ballot, and voting after he received the ballot. (ECF #19, ¶¶ 67 -74)  Plaintiff complains that the registered voters in the City of Detroit did not have to comply with the same election law requirements that he did. (ECF #19, ¶ 80).  The crux of Plaintiff's equal protection claim is that he was treated differently than Detroit voters because Defendant Green failed to follow the unlawful directives of Secretary Benson regarding UABA. (ECF #19, ¶ 84)

The first question to ask is whether Plaintiff was injured by an express municipal policy, a widespread practice or custom, or a directive of a final policymaker. This first question must be answered affirmatively before municipal liability can attach. The Amended Complaint does not point to any municipal edict or decision by the City of Highland Park.  There is also no widespread policy or practice alleged. There are no other instances of this occurrence. (ECF # 19). Plaintiff

does indicate that Defendant Green gave orders to lower level employees; however, he does not identify her as a final policymaker.

The final policymaker is determined by reference to state law. *St. Louis v. Praprotnick*. In this instance, Plaintiff alleges that Secretary Benson is the final policymaker by law. MCL 168.21 indicates that "[t]"he secretary of state shall be the chief election officer of the state and shall have supervisory control over local election officials in the performance of their duties under the provisions of this act." MCL 168.31(1)(b) states the Secretary of State shall "[a]dvise and direct local election officials as to the proper methods of conducting elections." See *Hare v Berrien Co Bd of Election Comm'rs*, 373 Mich 526, 530-531; 129 NW2d 864 (1964). Plaintiff is correct in indicating that Secretary Benson has authority over local clerks. They are duty-bound to follow her directives. (EFC #19, Pg ID 168-169).  Given the legal authority of the Secretary of State, the discretionary authority that may have been accorded Defendant Green to mass mail applications is not a sufficient basis to impose municipal liability. *Pembaur*.

In addition to failing to show Defendant Green's status as a final policymaker, there is no showing of a constitutional violation.

> "Under the Equal Protection Clause, the states cannot make distinctions that 1) burden a fundamental right; 2) target a suspect class; or 3) intentionally treat one individual differently from others similarly situated without any rational basis. *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005). Where, as here, a plaintiff alleges a violation of the third type, it is said to proceed on a "class of one" theory. *Club Italia,* 470 F.3d at 298." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. Appx. 826, 836, (6th Cir, 2009)

The right to vote is fundamental. That right is not implicated here. *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670, 86 S. Ct. 1079, 16 L. Ed. 2d 169 (1966). Plaintiff is an African-American, but, he is not claiming he was targeted as a member of a protected class. Rather, Plaintiff

alleges he was treated differently in the manner that he exercised his right to vote. *League of Women Voters v. Brunner*, 548 F.3d 463, 477 (6th Cir. 2008).

Each citizen has the right to participate in elections on the same basis as other citizens in the jurisdiction. *Dunn v. Blumstein*, 405 U.S. 330, 336, 92 S. Ct. 995, 31 L. Ed. 2d 274 (1972). A government official may not arbitrarily burden one class of citizens when they exercise the voting right. The equal protection clause prohibits government officials from treating persons differently who are similarly situated, i.e. similar in all relevant respects. If a citizen alleges he was treated differently without abridging the right to vote, the court should review the claim under a rational basis test. *McDonald v. Bd. of Election Comm'rs*, 394 U.S. 802, 807-09, 89 S. Ct. 1404, 22 L. Ed. 2d 739 (1969). Under this test, the court will uphold different treatment "so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996). Plaintiff has to show the government official lacked any conceivable basis for her action or that her action was motivated by ill-will. *Trihealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788, (6th Cir. 2005).

As a first step, Plaintiff has failed to show that Defendant Green treated him differently from similarly situated citizens.  *Braun v. Ann Arbor Charter Twp.,* 519 F.3d 564, 575 (6th Cir. 2008); *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036-37 (6th Cir. 1992). He has also failed to show that he was similar to Detroit absentee voters "in all material respects." *TriHealth, Inc. v. Bd. of Comm'rs,* 430 F.3d 783, 790 (6th Cir. 2005). Plaintiff did not vote in the same jurisdiction as Detroit voters. More importantly, Defendant Green did not have any jurisdiction over Detroit voters. She never directed any action toward them. She did not, and could not, treat Plaintiff differently than she treated Detroit voters. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011).

11

Even if, Plaintiff could show that he was treated differently than similarly situated individuals in Detroit, his claim should still be dismissed. The official in question has a rational basis for her conduct. Plaintiff himself points to the rational basis for Defendant Green's action. He indicates that Defendant Green failed to mail an absentee voter application to him because she did not have assurance from Secretary Benson that the state would cover the cost. (ECF # 19, ¶ ¶ 57, 62) *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996).

B.      **Plaintiff's due process rights were not violated by denial of his right to witness and observe tallying of votes on election night.**

The Due Process Clause of the Fourteenth Amendment provides that the government cannot deprive an individual of property without "constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). In bringing a procedural due process claim, plaintiff has to demonstrate (1) that he suffered the deprivation of a property interest; (2) that the deprivation occurred without adequate due process and (3) there are no adequate state law remedies. *Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999).  "While due process generally requires a pre-deprivation hearing, if an official's conduct would otherwise deprive an individual of procedural due process but is random and unauthorized, the *Parratt* doctrine allows the state to avoid liability by providing adequate remedies after the deprivation occurs." *Cahoo v. SAS Analytics Inc*., 912 F.3d 887, 892 (6th Cir. 2019). When a procedural due process claim is brought, the court first inquires into whether there is a property interest protected by the Fourteenth Amendment, then the court considers whether the deprivation of the interest comports with standards of due process**.** Finally, the court determines if there are adequate state law remedies.

In Count VI of the Amended Complaint, Plaintiff sues for denial of due process under 42 USC § 1983.  He indicates he appeared at two precincts in Highland Park after the polls closed to observe the counting of votes.  He alleges he was turned away at both sites. (ECF #19, ¶ ¶ 176-180). He claims he "was denied his statutory right under Mich. Comp. Laws § 168.807 to witness the counting and tallying of votes. . ."  (ECF #19, ¶ 181)  Plaintiff alleges this state statute grants him a "property interest" protected by the Fourteenth Amendment. He does not claim, however, there are no adequate state remedies.

It should be noted that this present count against Defendant Green is identical to Count V against Defendant Winfrey in the Amended Complaint.  It should also be noted that this same issue regarding the inspection of poll workers counting and tallying votes after the polls closed was addressed by Judge Cox in the Eastern District of Michigan in *Davis v Wayne County Elections*, (Case No. 20-CV-11819).  In that action, Judge Cox denied this Plaintiff's request to amend his complaint to add this same due process claim involving the same allegations about access to polling places.  Judge Cox adopted Defendant Winfrey's argument that there is no property interest created by the state statutes cited in this action. MCL 168.807. The court went on to conclude that Plaintiff also had not shown the inadequacies of state remedies.  The court noted that Plaintiff had available a mandamus claim under Michigan law. On these bases, the court denied the relief sought.

The same reasoning should apply here. The state statute cited by Plaintiff does not grant him a property interest. *Richardson v. Twp. of Brady,* 218 F.3d 508, (6th Cir. 2000). As the Sixth Circuit noted in *Chandler v. Vill. of Chagrin Falls*, 296 Fed. Appx. 463, 469, (6th Cir. 2008) "[t]his Court has held that processes mandated by municipal ordinances or state law are insufficient to establish a property interest."  Courts "have long recognized that not every state election dispute

13

implicates federal constitutional rights." *Warf v Bd of Elections,* (quoting <u>Burton</u>, 957 F2d at 1268) The due process clause will only be implicated where the voting process is fundamentally unfair. *Griffin v Burns,* 570 F2d 1065 (1st Cir 1978)

Plaintiff has failed to show an interest protected by the Fourteenth Amendment. The statute he relies on does not grant him a protected property interest. The Constitution is not implicated by this irregularity in inspecting the counting of votes. In addition, Plaintiff has not pled, or shown, that he does not have adequate state remedies. Even if harm has occurred, a plaintiff suffers no constitutional deprivation if "satisfactory state procedures are provided." *Jefferson v. Jefferson County Public Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).

The due process claim should be dismissed. The Amended Complaint fails to state a 'plausible' claim for relief. Absent legal conclusions and formulaic phases, there is no clearly articulated Fourteenth Amendment violation. *Iqbal.*

## II.     The court should deny any request for declaratory judgment.

Plaintiff mentions the Declaratory Judgment Act almost in passing. 28 USC § 2201 et seq. He does not articulate any basis for the relief sought. The passing reference to the Act is not a sufficient reason to grant any relief.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act vests federal courts with the discretion to decide the rights of litigants. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). The Act is procedural; it does not create an independent cause of

14

action. It should be denied on the same basis as the underlying cause on which it is based. *Green v. Mansour*, 474 U.S. 64, 65, 106 S. Ct. 423, 424, 88 L. Ed. 2d 371, 375, (1985)

There are a number of factors the court can weigh in deciding if declaratory relief should be granted. *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). None would favor a declaratory judgment in Plaintiff's favor. The present controversy should be settled by a ruling on the plausibility and reasonableness of Plaintiff's claims under 42 USC § 1983. Plaintiff is improperly attempting to utilize statutory procedures under state law to vindicate federal claims. *Chandler v. Vill. of Chagrin Falls*, 296 Fed. Appx. 463, 469, 6th. Cir.2008). State law remedies should be pursued because there is no federal law involved here or the state law remedies are adequate to address the issues raised. *Jefferson.*  Further, the rights and legal relations of the parties can be settled without declaratory judgment.

### III.      Plaintiff has failed to establish proper venue.

Plaintiff brings this action before this court for monetary and equitable relief. He claims venue is proper under 28 USC § 1391 (b)(1). Under that statute, venue is proper in "a judicial district in which any defendant resides, if all of the defendants are residents of the state, in which the district is located." Plaintiff claims the events giving rise to this action occurred in the Western District of Michigan. That is not true as it related to Defendant Green.

Defendant Winfrey has set forth arguments for change of venue or dismissal.  (ECF # 23) Defendant Green joins in and adopts the arguments set forth therein. Defendants Green and Winfrey both conduct business in the Eastern District. If a dismissal is not granted the matter should be moved to the Eastern District.

**RELIEF REQUESTED**

Defendant hereby requests that this court grant Defendant Brenda Green's Motion to

Dismiss pursuant To Rule 12(b)(6) FRCP.

/s/ James W. McGinnis
JAMES W. MCGINNIS (P29323)
J W MCGINNIS LLC
Counsel for Defendant Green
23456 Southfield Road
Southfield, Michigan 48075
(313) 446-9582
jwmlawoffices@sbcglobal.net

16

**CERTIFICATE OF SERVICE**

I, JAMES W. MCGINNIS, certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system (ECF) this 5th day of January, 2021, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Respectfully submitted,

/s/ James W. McGinnis
JAMES W. MCGINNIS (P29323)
J W MCGINNIS LLC
Counsel for Defendant Green
23456 Southfield Road
Southfield, Michigan 48075
(313) 446-9582
jwmlawoffices@sbcglobal.net