UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | |
|           Plaintiff, | ) | |
| | ) | No. 1:20-cv-981 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| JOCELYN BENSON, *et al.*, | ) | |
|           Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Robert Davis attempted to observe, at multiple locations, the board of election supervisors tally votes after the polls closed on November 3, 2020. He was unsuccessful. Plaintiff alleges an election worker at one of the locations told him that Defendant Janice Winfrey, the Detroit City Clerk, instructed poll workers to close and lock the doors after the polls closed. Plaintiff sues Winfrey for a violation of procedural due process. Defendant filed a motion to dismiss, which the Court will grant.

A.

Under the notice pleading requirements, a complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); see *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests

whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted).

B.

Plaintiff, then proceeding pro se, sought to add this same claim arising from his alleged inability to observe vote tallying for the August 2020 primary against Defendant Winfrey in a lawsuit he filed in the Eastern District of Michigan. *See Davis v. Wayne Cty. Election Comm'n*, No. 20-11819, 2020 WL 7353475, at *4 (E.D. Mich. Dec. 15, 2020). Judge Sean Cox explained why leave to amend the complaint would be futile, reasoning that applies here.

Procedural due process does not prohibit the taking of a person's liberties or property; the right to procedural due process ensures the adequacy of the procedure provided as part of the deprivation of a liberty or property interest. *See Carey v. Piphus*, 435

2

U.S. 247, 259-60 (1978). In this circuit, plaintiffs can establish a claim for violation of procedural due process either by showing (1) they were deprived of a liberty or property as the result of established state procedures that themselves violate due process or (2) the defendants deprived the plaintiffs of a liberty or property interest through a random and unauthorized act and that the available state remedies would not adequately compensate for the loss. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Daily Servs., LLC v. Valentino*, 756 F.3d 893, 907 (6th Cir. 2014) (discussing the two categories and collecting cases). Plaintiff's claim falls under the second category of cases. He suggests or implies an absence of process; he does not plead a constitutional deficiency in the process he was provided. And, Plaintiff pleads that he was not allowed to view the vote tally because of Winfrey's unauthorized act.

The category in which the procedural due process claim falls will determine what a plaintiff must plead and prove. For due process claims in first category,

> the actions at issue are not random or unauthorized, and it is both practical and feasible for the state to provide a pre-deprivation process to the aggrieved party. A § 1983 plaintiff making this type of claim need not plead or prove the inadequacy of state remedies.

*Mertik v. Blalock*, 983 F.2d 1353, 1365 (6th Cir. 1993) (citing *Macene*, 951 F.2d at 706.) In contrast, for due process claims in the second category, which arise from random or unauthorized deprivations, a plaintiff must plead and prove the inadequacy of the state or administrative processes and remedies. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004); *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) ("This court has stated that for the purposes of such claims brought under § 1983, 'the plaintiff must plead

and prove that state remedies for redressing the wrong are inadequate.'") (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)).

Plaintiff failed to allege sufficient facts to state a claim for denial of procedural due process. Assuming for the purpose of this motion only that Plaintiff had a cognizable interest in viewing the vote tally, Plaintiff has alleged facts to show the required injury. The complaint, however, is utterly silent as to the inadequacy of the remedy. This omission from the complaint is fatal to the claim. *See, e.g., Daily Servs.*, 756 F.3d at 910 ("Nevertheless, because the *Parratt* doctrine does apply, and Daily Services has not pleaded that Ohio provided inadequate postdeprivation remedies, Daily Spervice's complaint does not state a constitutional violation."); *Farhat v. Jopke*, 370 F.3d 580, 598 (6th Cir. 2004) ("Further, Appellant has failed to allege and prove the inadequacy of state remedies, which failure is fatal to his procedural due process claim.").

C.

for the reasons provided above, the Court **GRANTS** Defendant Winfrey's motion to dismiss.[1]  (ECF No. 23.)  **IT IS SO ORDERED.**

Date:   August 27, 2021              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge

---

[1] Should this claim have survived, the Court would have considered Defendant Winfrey's other arguments about improper joinder and venue. This particular claim should likely be litigated in the Eastern District of Michigan as that is where the injury occurred, it is where the parties reside, and where all the witnesses and evidence are located.